FIDELITY & DEPOSIT CO. OF MARYLAND v. ANDERSON et al.*

(No. 7583.)

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1916. Rehearing Denied Nov. 11, 1916.)

1. PRINCIPAL AND AGENT ⊚⇒156—AGENCY— FRAUD OF AGENT.

H., on whom F. relied to secure the signing of a contract by the other parties, was F.'s agent, as regards false representations on which H. secured the signing.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. ⊚⇒156.]

2. CONTRACTS ⊚⇒94(5)—FRAUD—INQUIRY.

One induced by fraudulent representations to enter into a contract is not barred from relief therefrom because, had he made further inquiry, he would have known the truth.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 424, 425, 1164; Dec. Dig. ⊚⇒ 94(5).]

3. APPEAL AND ERROR ⊚⇒934(2)—PRESUMPTION—FINDING OF FACT.

In support of the judgment, agency of one who, by letter admitted in evidence, approved a change in contract will be presumed to have been found by the court, the evidence supporting such a finding, and submission to the jury of the issue having neither been made nor requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777; Dec. Dig. ⊚⇒934(2).]

4. TRIAL ⊚⇒ 191(1)—INSTRUCTIONS—ASSUMPTION OF FACTS.

A requested instruction, assuming a fact as to which the evidence raised an issue, is properly denied.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420, 421, 435; Dec. Dig. ⊚⇒191(1).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Alfred O. Anderson against J. S. Macon and others. From an adverse judgment, defendant Fidelity & Deposit Company of Maryland appeals. Affirmed.

Burgess, Burgess, Germany & Chrestman, of Dallas, for appellant. John L. Young and Short & Feild, all of Dallas, for appellees.

RAINEY, C. J. Anderson, one of the appellees, sued J. A. Macon and C. M. Hopper, contractors, and their sureties, the appellant, on their bond for a failure to comply with the builder's contract and for abandoning the work. Appellant vouched in S. E. Allen and Paul Agnew, as indemnitors and asked judgment over against them in the event plaintiff recovered judgment against appellant. A trial was had and special issues were submitted to a jury and upon a return of a verdict a judgment was rendered against Macon and Hopper and the appellant in favor of Anderson and in favor of Allen & Agnew on the claim of the bonding company. From this judgment the bonding company alone appeals to this court.

[1, 2] Anderson, the owner of the building, pleaded in effect, that he made a contract with Macon and Hopper to construct the building, and that after Macon and Hopper had partially completed it, they, without cause, abandoned it, and he expended a considerable sum of money in having it finished, for which amount he is entitled to recover judgment against the contractors. Agnew and Allen admitted signing the contract of indemnity, but charged that they did not read it, and signed it on the faith and belief of appellant's agent's statement that said contract was a recommendation of character, which was false, but relied on by them. As to Agnew and Allen, appellant contends that they cannot defeat liability by reason of not having read the indemnity contract, even if Harrison made misrepresentations as charged, and that Harrison was not such an agent capable of binding appellant. The evidence shows that Harrison was acting for appellant in receiving the indemnity contract, called on Agnew and Allen for their signatures to it, represented to them that the said instrument was a recommendation of character, and induced them thereby to sign the same. These facts were, in effect, found by the jury, which we think binding on appellant, and warrant the judgment in favor of Agnew and Allen. The appellant having relied on Harrison to secure the signing of the contract of indemnity, it is bound by his misrepresentations, and is not in an attitude to take an advantage on account of Agnew and Allen having signed it by reason of their acting on said misrepresentations. The rule laid down by Mr. Justice Stayton, in Labbe v. Corbett, 69 Tex. 503, in fraud cases, which we think applicable here, is as follows:

"When once it is established that there has been any fraudulent misrepresentation, * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution because I relied implicitly upon your fairness and honesty.'"

[3] We will next consider the errors assigned with reference to the right to recover against appellee Anderson. On this branch of the case the appellant presented the sixth and seventh errors assigned, which are as follows:

"Sixth. The court erred in refusing to give special charge requested by this defendant as follows: 'You are charged that M. Murphy had no authority to execute the letter offered in testi-

mony, authorizing the plaintiff to pay Mayfield Lumber Company for the amount of material furnished by said company in full on behalf of the defendant Fidelity & Deposit Company of Maryland, and his act in doing so does not constitute a waiver of the terms of the contract and bond sued on.'

"Seventh. The court erred in permitting the plaintiff, over the objection of this defendant, to offer in testimony the letter dated March 21, 1914, addressed to Alfred O. Anderson, 415 Prætorian Bldg., Dallas, Tex., as follows: 'Dear Sir: Please pay to J. S. Mayfield Lumber Company at each estimate entire amount due according to signed invoices for building material delivered on your premises at corners of Reagan and Bowser Aves., Dallas, Texas, and oblige, Yours truly, Macon & Hopper, per J. E. Macon. Accepted and approved, Alfred O. Anderson; Approved, M. Murphy.' "

The proposition of appellant, in effect, is that the court erred in admitting said letter without qualification or submitting any issue as to Murphy's authority to bind the company, and also the court erred in failing to submit, in connection with an issue as to Murphy's authority to approve change of contract in this letter, the question of plaintiff's knowledge or notice of Armstrong's exclusive agency and Murphy's want of authority as requested in this special charge. The building contract provided that in paying for its construction 25 per cent. of the estimates should be reserved by the owner, which was not observed, but more than 75 per cent. was paid to the contractors; hence the authority of Murphy to approve the letter arose. We think the evidence sufficient to raise the issue of Murphy's agency, but it was not submitted to the jury; and, in the absence of a finding by the jury, it will be presumed that the court found he was the agent, as said finding is supported by the evidence and no request made by appellant for its submission.

[4] The charge requested in the sixth assignment assumes that Murphy was not an agent, and as the evidence raised the issue, it was not error to refuse said charge.

We have considered all the assignments presented, and think none present reversible error.

The evidence supports the judgment, and it is affirmed.